IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CAPITOL RECORDS INC., et al.,

    Plaintiffs,

v.

VANCE PETRUNOFF,

    Defendant.

No. C 06-04243 CRB

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

    Plaintiffs allege defendant infringed 13 of Plaintiffs' copyrighted sound recordings by using an online media distribution system to download Plaintiffs' copyrighted recordings and to distribute the copyrighted recordings to the public or make copyrighted recordings available for distribution to others. Now pending before the Court is Plaintiffs' motion for a default judgment. Defendant has not filed an opposition to the motion and has not otherwise communicated with the Court. After carefully considering the papers filed by Plaintiffs, the Court concludes that oral argument is unnecessary and GRANTS the motion for a default judgment.

    Plaintiffs personally served Defendant with the complaint and summons in this action on August 11, 2006. Plaintiffs also wrote Defendant warning him that if he did not answer the complaint his default could be entered. Defendant did not respond, and on February 7, 2007, default was entered. Therefore, for purposes of this motion, the Court accepts as true

all allegations in the complaint relating to liability.  See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Plaintiffs seek (1) a permanent injunction, (2) the minimum statutory damages, and (3) costs.  Plaintiffs have submitted evidence that Defendant infringed 13 of Plaintiffs' copyrighted sound recordings.

### A.   Permanent Injunction

The Court agrees that Plaintiffs will be irreparably harmed if an injunction is not issued, and will issue the following permanent injunction against defendant:

> Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred on to any physical medium or device in Defendant's possession, custody, or control.

### B.   Damages

The Copyright Act permits the copyright owner to select between actual and statutory damages.  17 U.S.C. § 504.  Plaintiffs have chosen statutory damages, which permit an award from $750 to $30,000 *per infringement*, to be determined "as the Court considers just."  Id. § 504(c)(1);  see also Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984) ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.").  In addition, if the Court finds that infringement was willful, it may, in its discretion, enhance damages to $150,000 per infringement.

Plaintiffs seek only the minimum amount without any enhancement: $750.00 per infringement.  As Defendant violated Plaintiffs' copyright as to 13 sound recordings, the Court will award statutory damages of $750.00 per sound recording for a total of amount of $9,750.00.

2

### C. Attorney's Fees and Costs

The Copyright Act permits a court, in its discretion, to award reasonable attorney's fees and costs. 17 U.S.C. § 505. Plaintiffs seek only $420.00 in costs, consisting of $350.00 for the filing fee and $70.00 for service of process. The judgment will include an award in this amount.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Plaintiffs are entitled to (1) a permanent injunction prohibiting defendant from infringing on Plaintiff's copyrighted works; (2) statutory damages of $9,750.00; and 3) costs in the amount of $420.00.

**IT IS SO ORDERED.**

Dated: March 28, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\4243\ordergrantingdefaultjudgment.wpd